Borough of Falls Creek *v.* Washington Township, Appellant.

Argued April 13, 1934.

Before Trexler, P. J., Keller, Baldrige, Stadtfeld, Parker and James, JJ.

*W. N. Conrad,* for appellant.

*Raymond E. Brown,* and with him *Matthew A. Crawford,* for appellee.

Opinion by Trexler, P. J., October 3, 1934:

James, Walter and George Hicks residing with their parents in Washington Township attended the high school in the Borough of Falls Creek during the school years 1926, 1927, 1928 and 1929. The reason given why they did not attend the school in their own district was that they did not have a high school there and further that they resided more than three miles from the school maintained by the township in which they lived. In the present suit the borough is seeking to be recompensed for the cost of tuition furnished to these lads. The Act of May 18, 1911, P. L. 309 and its amendments thereto, 24 PS 586 reads in part as follows: "Pupils residing in a school district in which no public high school is maintained may attend during the entire term, the nearest or most conveniently located high school of such class as they may desire to attend." By Section 1709, it is provided that where the nearest high school in the district in which the pupil resides, unless free transportation is furnished, is more than three miles from the place where the pupil resides he may attend any more convenient high school in another district. Section 1708 provides for the payment of the tuition by the school district where the pupils reside. The issue was joined to determine whether Washington Township maintained a high school and whether that school was more than three miles from the place where these boys lived. When it came to trial, the township proved that it was main-

taining a vocational school and the court was of the opinion, as a matter of law, that in so doing Washington Township had a high school, but left it to the jury to decide whether the school was more than three miles from the place where the boys resided and the verdict was found for the plaintiff upon the theory that the distance was more than three miles. The court afterwards came to the conclusion that both the verdict and its ruling to the effect that the township maintained a high school were wrong. It held it would be useless to grant a new trial to retry the issue as to the distance in the face of the fact that no high school was maintained in the township and, therefore, refused the new trial and from that action of the court the township appealed. If we decide that the court was wrong in holding that the township had no high school then the rule for a new trial must be reinstated. If, however, we conclude that the court was right there is no necessity for granting a new trial for a decision that there was no high school ends the matter. Whether there was a high school or not is a matter involving the construction of the statutes. A short reference to the relevant acts will be required for the proper discussion of the subject.

The Act of May 18, 1911, supra, establishes the public school system. Article 17, page 396 of said act refers to high schools and classifies and regulates their administration. Article 19, page 401, applies to vocational and other special schools. Article 4, page 329, lists the various schools and departments and high schools and vocational schools are listed. The two subjects are distinctly and separately treated.

The provision in Section 1707 that scholars in districts where there are no high schools may attend high schools in other districts refers solely to high schools and no mention is made of vocational schools. The Act of May 1, 1913, P. L. 138, not amendatory to the

school act of 1911, supra, but entirely distinct and apart from it establishes and regulates vocational schools and provision is made for sending students residing in districts that do not maintain vocational schools to other districts which do. The Act of May 11, 1917, P. L. 757, accepts the aid of federal government for the promotion of vocational schools. The same distinction is carried in the Act of May 24, 1921, P. L. 1066 and the Act of April 7, 1925, P. L. 166. The latter act classifies high schools with reference to the number of years during which instruction is afforded. The Act of May 1, 1925, P. L. 418, amendatory of the vocational school act of 1913 was passed providing for their regulation and contained a provision for the obtaining of admission to vocational schools outside of the district where the pupil resides. The Act of May 2, 1931, P. L. 176, refers exclusively to vocational schools. We have cited these acts to show that in every one of them there is recognized a distinct cleavage between academic high schools and vocational schools. To overcome this very evident distinction the appellant calls attention to the Act of May 18, 1911, supra, which in Article 10 provides as follows:

"The superintendent of public instruction, provided for in sections one and eight of article four of the Constitution of this Commonwealth shall have supervision of all the public schools of this Commonwealth, as well as the following power and duties": Section 1001 (24 PS 901).

"He may, when requested, give decisions and interpretations of the school law, which shall be valid and binding in like effect as law until reversed by proper judicial authority." Section 1014 (24 PS 909).

"He shall classify the high schools of the State upon the basis of the reports of the directors and the State inspectors of high schools in compliance with the provisions of this act." (Section 1007, 24 PS 910).

At the trial the defendant, the township, produced evidence that during his superintendency, Dr. John A. H. Keith on September 1, 1927, had provided that there should be eight classes of high schools (the Act of 7 April, 1925, designated only five) and one of them was the "Approved Four Year Vocational School," and that having made that decision and having authority so to do, it should end the present controversy. The warrant for this act on the superintendent's part cannot be found in the above act. He may classify high schools, but in the act of classification he cannot contrary to the intent of the legislature call that a high school which is not one. As stated, the mark of demarcation between high schools and vocational schools is clearly and consistently followed throughout the acts. If a pupil resides 'in a school district which does not maintain an approved vocational school he may attend one in another district at the expense of his home district, and this is so even though he may obtain a high school education in the district of his residence. It follows that in carrying out the legislative intent a pupil residing in a district which does not maintain a high school should not be required to attend a vocational school in his home district where, as in the present case, the principal subject required of him is agriculture. Vocational schools as are maintained by the federal government, state and local districts are maintained for special purposes. They are designed to prepare boys and girls along special lines that fit them for particular vocations. Taking the present instance, if the appellant's view be correct, we have here three boys all wishing to go to high school, one to prepare himself for business, another to become a mechanical engineer and the third a musician. If they had attended the vocational school of the district in which they resided they would have been of necessity compelled to study agriculture one-

half of each day for the first year and during the entire four year course must have taken instruction in the tillage of the soil, care of domestic animals and other work connected with the farm. We fully agree with the learned judge of the lower court when he stated "vocational schools are no doubt a great benefit to those who wish to take advantage of the courses offered, but the establishment of them in our opinion was only to afford an opportunity to those who wished to avail themselves of them and were not to be used to force education of this character upon those who did not desire it. The vocational school is a supplement to our common general education system."

We are all of the opinion that the matter has been properly decided by the learned judge of the lower court.

The order of the lower court refusing a new trial is affirmed.