Argued April 15, 1940.
Use plaintiff has been a lifelong resident of North Beaver Township in Lawrence County. His son, of school age, who lived with him, had attended a public academic high school in the city of New Castle for two school years, ending in 1937. During the whole of that period Beaver Township school district paid tuition to the school district of the city of New Castle for the instruction of the child. Beginning with the school year 1937-38, the son's senior year, the Beaver district refused to make further payments, whereupon the father paid the tuition to the New Castle district and brought this suit for reimbursement.
The action was originally brought in the name of the father alone, as plaintiff. During the trial, the court properly allowed an amendment naming the New Castle district as legal plaintiff, to the use of the father, Charles R. Sherer. Com. v. GreatAmerican Indemnity Co., 312 Pa. 183, 167 A. 793; 3 Stand. Pa. Prac. 601, *Page 403 
§ 12. The action was brought before the effective date of the rules adopted by the Supreme Court by the order of February 4, 1939, pursuant to the Act of June 21, 1937, P.L. 1982, as amended, 17 PS 61, and is unaffected by them. Under the law applicable to this case the amendment supplied proper parties plaintiff, and the use plaintiff's right to maintain the action did not depend upon his interest in the result but solely on whether the legal plaintiff had a cause of action against the defendant. The right of the legal plaintiff, without more, determined the right of recovery. Com. v. Great AmericanIndemnity Co., supra; Howes v. Scott, 224 Pa. 7, 73 A. 186.
The case was tried by the court without a jury resulting in a decision in favor of the plaintiffs. Judgment was entered accordingly.
The School Code of 1911, as amended by the Act of June 1, 1933, P.L. 1152, § 9, 24 P. S. § 1586, in part, provides: "Pupils who reside in a school district in which no public high school other than a vocational high school is maintained, may attend, during the entire term, the nearest or most conveniently located academic high school." The trial court found, and it is not denied that the New Castle high school is the academic high school nearest to Beaver Township and is the one most conveniently located. In § 1708 of the same Act as amended by the Act of May 1, 1925, P.L. 435, § 3, 24 P. S. § 1589, there is statutory authority for the charge for tuition against the defendant school district. That section, in part, provides: "The board of school directors in any district maintaining a high school which is attended by any pupils residing in another district, as herein provided, shall upon admission of such pupils properly certify to the board of school directors of the district in which such pupils reside the names of all such pupils, together with an itemized statement of the cost of tuition per school month, as herein defined, and *Page 404 
the cost of such tuition shall be paid monthly to the district maintaining such high school by the district to which the same was certified."
It is unimportant that it would have been possible for plaintiff's son to receive academic instruction in the township's vocational high school. It is the duty of the Superintendent of Public Instruction of the Commonwealth to classify the high schools of the State (Act of May 18, 1911, P.L. 309, § 1007, 24 P. S. § 910) and, accordingly, he classified the township school as a vocational high school. The finding of the lower court, based upon this classification with other evidence indicating that the school was in fact a vocational high school, is decisive of the question. We are concluded by this finding based, as it is, on sufficient evidence. Osterling v. Frick et al. Execs., 284 Pa. 397,131 A. 250. The line of demarcation between academic and vocational high schools is clearly drawn in the school laws of the Commonwealth. The latter were designed for special purposes and to fit pupils for particular vocations, principally agricultural. The vocational school is intended to supplement the common educational system of the State but not to supplant any part of it and there is legislative authority supporting the election of this parent to send his son to a high school where academic education is the chief interest. The cost of the pupil's education must be borne by the school district of his residence.Borough of Falls Creek v. Wash. Twp., 114 Pa. Super. 380,174 A. 634.
Judgment affirmed. *Page 405